**HYDE & SWIGART, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Fax: (866) 431-3292

*Attorneys for Plaintiff*
Jeremy Crooks

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| JEREMY CROOKS, | Case No:   '19CV518 JLS NLS |
|---|---|
| Plaintiff, | **Complaint for Damages for Violations of:** |
| v. | |
| | **(1) The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;** |
| EXPERIAN INFORMATION SOULTIONS, INC. | **(2) Negligence** |
| Defendant. | **Jury Trial Demanded** |

### INTRODUCTION

1. Jeremy Crooks ("Plaintiff") brings this action to challenge the actions of Defendant Experian Information Solutions, Inc. ("Defendant"), for willfully violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to his counsel, which Plaintiff alleges on personal knowledge.

2. Defendant is a "consumer reporting agency" under the FCRA that provides consumers with their credit reports. The FCRA-governed content of these credit reports is determined by the secretion of consumer reporting agencies such as Defendant. Defendant continuously misrepresents the source of the public record information (such as bankruptcies and civil judgments) Defendant publishes on credit reports ("Public Record Information") in order to circumvent costs associated with purchasing the records from the actual source in violation of 15 U.S.C. § 168lg(a)(2).

3. Defendant works closely with vendors such as LexisNexis to obtain the Public Record Information, then Defendant represents on credit reports, that the Public Record Information originated from a public record such as a court or government entity, rather than the actual source, which is LexisNexis or another vendor.

4. This practice deceives consumers and limits consumers' access to the true source of Public Record Information, therefore preventing consumers from directly addressing the true source of Public Record Information in order to ameliorate any errors if they should occur.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION & VENUE

8. Original subject matter jurisdiction is valid in this U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

9. Venue is proper pursuant to 28 U.S.C. 15 U.S.C. § 1391(b) because Defendant, at all time herein mentioned, was doing business in the County of San Diego, State of California. Further, venue is proper in this district because Plaintiff resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

10. Venue is also proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction

## PARTIES & DEFINITIONS

11. Plaintiff, at all times mentioned herein was a natural person, individual citizen and resident of the State of California, City and County of San Diego, in this judicial district. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA.

12. Defendant is and at all times mentioned herein was, an FCRA-governed "consumer reporting agency". Defendant is an Ohio corporation. Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

13. The causes of action herein pertain to Plaintiff's "consumer credit reports," as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA, in that inaccurate misrepresentations of Plaintiff's information was made via written, oral, or

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

## FACTUAL ALLEGATIONS

14. Defendant selectively decides which information to provide to consumers that request the FCRA governed information in Defendant's possession and which information it will hide from consumers. Defendant withholds certain information in order to minimize its compliance costs and to avoid customer service inquiries directed at them and its business partners or private vendors. As mentioned above, these private vendors and/or business partners include companies like LexisNexis, a third party that sells public record information to Defendant and then, in turn, processes disputes regarding that public record information via the "ACDV" system.

15. Defendant misrepresents the source of consumers' bankruptcy Public Record Information by falsely stating that a given courthouse is the source of the Public Record Information, while affirmatively hiding the true source of the Public Record Information.

16. Defendant does not obtain its Public Record Information about bankruptcies form courthouses or actual government entities.

17. Defendant obtains information about bankruptcies, court judgments, and liens from private vendors such as LexisNexis.

18. The Public Record Information provided on Plaintiff's credit reports by Defendant is not the actual court record and did not come from the court, rather, it is an abbreviated version of the Public Record Information, which does not contain all the information in actual public records such as those of courthouses or the government. This leads to a large number of mistakes

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

reflected in the Public Record Information on consumers' credit reports generated by Defendant.

19. The mistakes in consumer credit reports are seen by anyone that requests that consumer's file, and oftentimes cause injury to that consumer.

20. The FCRA requires credit reporting agencies including Defendant to "clearly and accurately disclose to the consumer the sources of the information" in the consumer's credit report under15 U.S.C. § 1681g(a)(2).

21. It is imperative that consumers know the true source of the Public Record Information in their credit reports and have the ability to directly address the true source of Public Record Information in order to ameliorate any mistakes in the Public Record Information on credit reports.

22. On or around March 28, 2018, Plaintiff checked his credit report using Defendant's services and the Public Record Information listed the source of both Plaintiff's Chapter 7 bankruptcy information as "US BKPT CT CA San Diego; 940 Front St RM 5N26, San Diego, CA 92101; Address identification number 0182219617" rather than LexisNexis or another third-party vendor— the actual source of the information.

23. On March 1, 2019, Plaintiff formally disputed the inaccurate information with Experian and is currently awaiting Experian's response.

24. Defendant's practice of deceiving consumers and limiting their access to the true source of Public Record Information ultimately led to the inaccurate reporting Plaintiff's credit report and prevented Plaintiff from being able to address the errors within his credit report.

25. Defendant did not obtain its Public Record Information concerning Plaintiff from the California Federal Court. It would be far too costly and cumbersome for Defendant to obtain that information directly from the court, if it is even possible.

26. Bankruptcy courts have converted to electronic files and filing and now use ECF and PACER. The bankruptcy courts do not have paper files for all the bankruptcies that can be pulled to gather public record information.

27. Defendant obtained its Public Record Information concerning Plaintiff from one of its private vendors and/or business partners such as LexisNexis that most likely obtains the information from PACER and then processes and organizes the information, so Defendant or LexisNexis can pair the information with consumer files.

28. Defendant never identified LexisNexis or any other vendor as the source of the public record information that makes its way into the consumer credit files that it sells, or any of the other less publicized marketing or risk assessment databases that it maintains.

29. Defendant unambiguously deprived Plaintiff of the true source of the valuable Public Record Information, in violation of the FCRA.

30. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681g(a)(2):

> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.

31. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681e(b) of the FCRA:

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

### FIRST CAUSE OF ACTION

### FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681 ET SEQ.

31.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.  The foregoing acts and omissions constitute violations of the FCRA.

33.  As a credit reporting agency, Defendant is required to comply with 15 U.S.C. § 1681g(a)(2) of the FCRA.

34.  Defendant violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff the sources that supplied any information to the credit-reporting agency about Plaintiff.

35.  Defendant violated 15 U.S.C. § 1681e(b) of the FCRA by maintaining the very inaccurate information about which it reported.

36.  As a result of the violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

37.  As a result of the willful violation of the FCRA, Plaintiff is also entitled to and seeks actual damages of $100.00 to $1,000.00 per violation and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

### SECOND CAUSE OF ACTION
### NEGLIGENCE

38.  Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

39. Defendant owed a duty of care to Plaintiff to provide Plaintiff with accurate and true information on her credit reports.

40. Defendant negligently failed to take affirmative steps to provide Plaintiff with accurate and true information on her credit reports.

41. Defendant's conduct proximately caused injuries to Plaintiff.

42. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows against Defendant:

### FIRST CAUSE OF ACTION
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ.

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

- Statutory damages of $1,000.00 per violation per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);

- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- Injunctive relief to command Defendant to correct the information furnished on Plaintiff's credit report and prohibit it from engaging in future violations;

- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

- Any other relief the Court may deem just and proper including interest.

### SECOND CAUSE OF ACTION
### NEGLIGENCE

- As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial; and

- Any and all other relief that the Cost deems just and proper.

//

//

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

### TRIAL BY JURY

52.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Date: March 19, 2019                    **HYDE & SWIGART, APC**

By: *s/ Yana A. Hart*
Yana A. Hart, Esq.
yana@westcoastlitigation.com
*Attorneys for Plaintiff*

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108